

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Christina O. Hud*
*Assistant U.S. Attorney*

*401 Market Street, Fourth Floor*
*Camden, New Jersey 08101*

*856-757-5026*

May 5, 2021

Joseph Compitello, Esq.
788 Shrewsbury Ave.
Suite 2209
Tinton Falls, NJ 07724
joseph.compitello.esq@gmail.com

CR-21-528 (RBK)

Re: Plea Agreement with Paul Camarda

Dear Mr. Compitello:

This letter sets forth the plea agreement between your client, Paul Camarda, and the United States Attorney for the District of New Jersey ("this Office"). This offer to enter into a plea agreement will expire on **May 31, 2021** if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Paul Camarda to a two-count Information. Count 1 of the Information charges him with knowingly and willfully conspiring to defraud a health care benefit program, contrary to Title 18, United States Code, Section 1347; in violation of Title 18, United States Code, Section 1349. Count 2 of the Information charges him with conspiring to: (a) corruptly endeavor to obstruct the due administration of justice, contrary to Title 18, United States Code, Section 1503, and (b) engage in monetary transactions in criminally derived property of a value greater than $10,000 and derived from specified unlawful activity, contrary to Title 18, United States Code, Section 1957, all in violation of Title 18, United States Code, Section 371. If Paul Camarda enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all the terms of this agreement, this Office will not initiate further criminal charges against him for the unlawful obtaining and filling of compounded prescriptions during the time period from August 2015 through May 2017, and for conspiring to obstruct justice and engage in monetary transactions in property derived from specified unlawful activity in relation to the marketing of those compound prescription medications. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Paul Camarda agrees that

any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Paul Camarda may be commenced against him, notwithstanding the expiration of the limitations period after Paul Camarda signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which Paul Camarda agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 371 to which Paul Camarda agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Paul Camarda is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Paul Camarda ultimately will receive.

Further, in addition to imposing any other penalty on Paul Camarda, the sentencing judge: (1) will order Paul Camarda to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Paul Camarda to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Paul Camarda, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Paul Camarda to serve a term of supervised release of not more than three (3) years, which will begin at the expiration of any term of imprisonment imposed. Should Paul Camarda be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Paul Camarda may be sentenced to not more than two (2) years' imprisonment per count, which may run consecutive, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution Agreement

In addition, Paul Camarda agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offenses. The calculation of the losses resulting from the offenses of conviction is ongoing, however, the parties agree that the figure is at least $3,431,591.20.

Forfeiture

As part of his acceptance of responsibility, Paul Camarda agrees to forfeit to the United States of America:

(1) As to Count 1, pursuant to 18 U.S.C. § 982(c)(7), Paul Camarda agrees to forfeit to the United States all of his right, title, and interest in all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation of 18 U.S.C. § 1349 charged in the Information, which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7). Paul Camarda further agrees that the value of such property was $2,202,335.45; and

(2) As to Count 2, pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), which Paul Camarda agrees was approximately $2,202,335.45.

Paul Camarda further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the gross proceeds obtained by the defendant, in an amount not to exceed $2,202,335.45 (the "Money Judgment"). Paul Camarda consents to the entry of an order requiring him to pay the Money Judgment and that such order will be final as to him prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions,

interrogatories, and requests for production of documents, and the issuance of subpoenas.

Paul Camarda waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Paul Camarda waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Paul Camarda further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Paul Camarda fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Paul Camarda has intentionally failed to disclose assets on his Financial Disclosure Statement, Paul Camarda agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the United States Department of Justice, which will make its decision in accordance with applicable law.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Paul Camarda by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of Paul Camarda's activities and relevant conduct with respect to this case.

Stipulations

This Office and Paul Camarda agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Paul Camarda from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Immigration Consequences

Paul Camarda understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses may result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Paul Camarda understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. He wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause him removal from the United States. Paul Camarda understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, he waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative

matters that may be pending or commenced in the future against Paul Camarda. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Paul Camarda.

No provision of this agreement shall preclude Paul Camarda from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Paul Camarda received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Paul Camarda and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Sincerely,

RACHAEL A. HONIG
ACTING U.S. ATTORNEY

CHRISTINA O. HUD
R. DAVID WALK, JR.
Assistant U.S. Attorneys
United States Attorney's Office
District of New Jersey

APPROVED:

MOLLY S. LORBER
Attorney-in-Charge, Camden Vicinage
United States Attorney's Office
District of New Jersey

6

I have received this letter from my attorney, Joseph Compitello, Esquire. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          5/27/21
PAUL CAMARDA                        DATE
*Defendant*

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____          5/27/21
JOSEPH COMPITELLO, ESQ.             DATE
*Defense Counsel*

7

# Plea Agreement with Paul Camarda
# SCHEDULE A

1.    This Office and Paul Camarda recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Paul Camarda nevertheless agree to the stipulations set forth herein.

2.    The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3.    With respect to the offense charged in Count 1 of the Information:

    a.    The Guideline that applies to the charged conduct is U.S.S.G. § 2B1.1, which provides for a base offense level of 6. See U.S.S.G. § 2B1.1(a)(2).

    b.    The parties agree that Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(I) applies because the offense involved losses totaling more than $1,500,000 but not more than $3,500,000. This results in an increase of 16 levels. See U.S.S.G. § 2B1.1(b)(1)(I).

    c.    Because this offense was a Federal health care offense involving a Government health care program and there was a loss of more than $1,000,000 to a Government health care program, this Specific Offense Characteristic results in an increase of 2 levels. See U.S.S.G. § 2B1.1(b)(7).

    d.    Because the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, this Specific Offense Characteristic results in an increase of 4 levels. See U.S.S.G. § 3B1.1(a).

    e.    The parties agree that Specific Offense Characteristic U.S.S.G. § 3C1.1 applies because the defendant willfully attempted to obstruct or impede the administration of justice with respect to the investigation of the offense of conviction, and the obstruction related to the offense of conviction. This results in an increase of 2 levels. See U.S.S.G. § 3C1.1.

4.    With respect to the offense charged in Count 2 of the Information:

    a.    The base offense level for the conspiracy in Count 2 will be the same as the applicable guidelines for the substantive offenses

8

Case 1:21-cr-00528-ESK Document 5 Filed 07/06/21 Page 9 of 10 PageID: 26

        that form the objects of the conspiracy, plus any adjustments from such guidelines. See U.S.S.G. § 2X1.1(a).

    b. With respect to the obstruction of justice object of the conspiracy:

        i. The base offense level is 14. See U.S.S.G. § 2J1.2(a).

    c. With respect to the transacting in criminally derived property of a value greater than $10,000 that is derived from specified unlawful activity object of the conspiracy:

        i. The base offense level is the offense level for Count 1 (the underlying offense from which the laundered funds were derived), except that the role in the offense and obstruction adjustments for the underlying offense are not included. See U.S.S.G. § 2S1.1, App. Note 2(C).

        ii. One level is added because the defendant will be convicted in an offense contrary to 18 U.S.C. § 1957. See U.S.S.G. § 2S1.1(b)(2)(A). Accordingly, the offense level is 25.

5. Grouping of Counts:

    a. Counts 1 and 2 are grouped in a single group as closely related counts. See U.S.S.G. § 3D1.2(c).

    b. The offense level applicable to the grouped counts is the offense level for the highest offense level of the group (Count 1) because Counts 1 and 2 are grouped together pursuant to U.S.S.G. § 3D1.2(c). See U.S.S.G. § 3D1.3(a).

    c. The parties further agree that, because the defendant is convicted of both an obstruction offense and an underlying offense, the count for the obstruction offense will be grouped with the count for the underlying offense pursuant to § 3D1.2. The offense level for the group of closely related counts will be the offense level for the underlying offense increased by the two-level adjustment for obstruction of justice specified by U.S.S.G. § 3C1.1. See § U.S.S.G. 3C1.1, Commentary, App. Note 8.

9

## ACCEPTANCE OF RESPONSIBILITY

6.  As of the date of this letter, Paul Camarda has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Paul Camarda's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7.  As of the date of this letter, Paul Camarda has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Paul Camarda's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Paul Camarda enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Paul Camarda's acceptance of responsibility has continued through the date of sentencing and Paul Camarda therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Paul Camarda's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Paul Camarda is 27 (the "agreed total Guidelines offense level").

9.  Paul Camarda knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 27. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 27. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.